# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **GINGER PACE,** *et al.***,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | |
| ) | **Case No. 10-2477-JAR** |
| **CITY OF OVERLAND PARK,** ) | |
| **KANSAS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Ginger Pace, Special Friend for the Estate of Tony Eugene Thomas, and mother and Special Friend for S. Doe, a minor, and S.H. Doe, a minor, brings this action pursuant to 42 U.S.C. § 1983, against the City of Overland Park, Kansas, the City of Overland Park, Kansas Police Department, John Douglass, Theresa Poage, and Andrew Eger, alleging plaintiffs' civil rights were violated when, on December 10, 2006, Thomas was shot and killed by Overland Park police officers. Plaintiffs also allege a state law wrongful death claim.

This action was removed from the District Court of Johnson County, Kansas on August 9, 2010 (Doc. 1). Count VII of the Petition alleges that defendants, individually and in their official capacities, directly and proximately caused the death of Tony Eugene Thomas, and that plaintiffs were damaged by defendants' actions. The Petition brings a specific claim against "City of Overland Park, Police Department" alleging a violation of 42 U.S.C. § 1983 for failure to instruct, train, supervise, control and discipline police officers, as well as a cause of action under Kansas's Wrongful Death and Survival Statutes, respectively, K.S.A. §§ 60-1901 and 60-

1801.  The § 1983 claim seeks judgment "against the City of Overland Park, by and through the

City of Overland Parks [sic] Police Department" for compensatory damages and attorney's fees.

This matter is before the Court on defendant City of Overland Park, Kansas Police

Department's Motion to Dismiss (Doc. 4) brought pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiffs did not file a response to defendant's Motion to Dismiss and the time to do so has

expired.[1]  Under D. Kan. R. 7.4,

> Absent a showing of excusable neglect, a party or attorney who
> fails to file a responsive brief or memorandum within the time
> specified in D. Kan. Rule 6.1(d) waives the right to later file such
> brief or memorandum. If a responsive brief or memorandum is not
> filed within the Rule 6.1(d) time requirements, the court will
> consider and decide the motion as an uncontested motion.
> Ordinarily, the court will grant the motion without further notice.

As a result of plaintiffs' failure to respond, the Court grants defendant's motion.

Furthermore, the Court grants defendant's motion to dismiss pursuant to Fed. R. Civ. P.

12(b)(6) because defendant is a department of the City of Overland Park and does not have the

capacity to be sued.  Under Fed. R. Civ. P. 17(b), a city's agency capacity to be sued is

determined by state law.  "'Absent authority expressly given by a statute or ordinance, an agency

of a city does not have the capacity to sue or to be sued as a separate entity; the city is a

necessary and indispensable party to any action filed either by or against the agency.'"[2]  The City

of Overland Park, Kansas is a municipal corporation and the Police Department is a department

of the City.  Defendant represents that there is no statute or city ordinance that establishes the

---

[1]*See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).
Defendant's motion was filed September 1, 2010.

[2]*Weaver v. Boyles*, 172 F. Supp. 2d 1333, 1337 (D. Kan. 2001) (quoting *City of Olathe v. Board of Zoning
Appeals*, 696 P.2d 409, 412 (Kan. Ct. App. 1985) (quoting *Murphy v. City of Topeka*, 630 P.2d 186, 190 (Kan. Ct.
App. 1981)).

"Police Department" as a separate entity, nor which gives plaintiffs the authority to sue the Police Department as an independent entity.  Accordingly, the Court concludes that the City of Overland Park, Kansas Police Department should be dismissed as a party, as the City of Overland Park is the necessary and indispensable party to this action.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the City of Overland Park, Kansas Police Department's Motion to Dismiss (Doc. 4) is GRANTED.

**IT IS SO ORDERED.**

Dated: <u>October 12, 2010</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE
